**NOT FOR PUBLICATION**

**UNITES STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BRUCE WILCOX, <br><br> Defendant. | Criminal Action No. 07-00525 (GC) <br><br> **MEMORANDUM OPINION** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Defendant Bruce Wilcox's Application for Early Termination of Supervised Release. (ECF No. 111.) The United States of America (the "Government") opposes the application. (ECF No. 113.) The Court has carefully considered the submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons set forth herein, and other good cause shown, Defendant's application is **DENIED** without prejudice.

**I.    BACKGROUND**

    On March 6, 2008, Wilcox plead guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(i). (ECF No. 34 at 1.[1]) Wilcox was sentenced to 188 months of imprisonment and to five years of supervised release. (ECF No. 43 (Cooper, J.).) Wilcox was classified as a career offender because he had prior felony offenses involving the distribution of a controlled dangerous substance. (ECF No. 44 at 17:15-20.) Wilcox's supervised

---

[1]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

release began upon his release from prison on October 11, 2019, and his supervision is set to end on October 10, 2024.[2] The conditions of Defendant's supervised release were standard, with a special condition of cooperating in the collection of his DNA. (*Id.* at 18:11-13.)

On March 10, 2023, Wilcox filed an application for early termination of his supervised release asking the Court to help him "close this chapter of [his] life." (ECF No. 111.) Wilcox writes that he is currently working in Ewing, New Jersey, and has kept a job since returning home from prison, has become engaged, and has rebuilt relationships with his two daughters. (*Id.*) Because he is in the trucking business, Wilcox submits that he "need[s] to be able to travel freely." (*Id.*) He also submits that his oldest daughter has moved to Atlanta, Georgia, and he would like to see her and his grandson more frequently. (*Id.*) Wilcox notes that he has started a non-profit, "Brothers for Change Inc.," which aims to help parents who have lost their children to violence and drug abuse. (*Id.*)

On April 11, 2023, the Government opposed. (ECF No. 113.) The Government contends that "the need for adequate deterrence" and "the nature and circumstances of Wilcox's offense" weigh against early termination. (*Id.* at 1-2.) It also argues that supervised release is working and "there are other mechanisms available aside from early termination of supervised release that would effectively allow Wilcox to pursue his career and personal ambitions while completing the full term of supervised release." (*Id.* at 2-4.) The Government writes that because "Wilcox is currently designated in the district's 'low intensity' caseload of supervision," he "is permitted to travel within the United States without restriction, as long as he provides adequate notice and

---

[2] Wilcox's supervision sits in the "low intensity" caseload under the United States District Court Probation Office, which does not oppose the early termination request.

receives approval from Probation. Therefore, Wilcox is free to visit his grandchild and travel for work . . . without early termination of supervised release." (*Id.* at 5.)

## II.     LEGAL BACKGROUND

By statute, this Court may terminate a term of supervised release prior to its expiration at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). When evaluating motions for early termination, courts begin by considering the following subset of the statutory sentencing factors:[3]

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed— . . .
>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> (4) the kinds of sentence and the sentencing range established for— . . . [the particular defendant and particular conviction or violation];
>
> (5) any pertinent policy statement— . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

---

[3]     Two statutory sentencing factors, 18 U.S.C. §§ 3553(a)(2)(A), (a)(3), are excluded from this analysis: the seriousness of the offense and the adequacy of the defendant's punishment. 18 U.S.C. § 3583(e)(1). This omission aligns with probation's primary purpose, which is "to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) (citations omitted).

(7) the need to provide restitution to any victims of the offense.

[18 U.S.C. § 3553(a).]

"District courts are not required to make specific findings of fact with respect to each of these factors," but such relief should be granted "only if [the Court] is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). It is the defendant's burden to show that they qualify for early termination. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

The Court's decision as to whether to terminate supervised release early is discretionary after examination of the record as whole and consideration of the relevant statutory factors. *Melvin*, 978 F.3d at 52 ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (citation omitted)).

In exercising its discretion, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* Although such factors are not required, "if a sentence was 'sufficient, but not greater than necessary' when first pronounced," a reviewing court would generally "expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*

## III. DISCUSSION

The Court commends Wilcox on his reintegration into society and the positive actions he states he has taken to maintain a job, establish meaningful relationships, and to help others in need.

The Court encourages Wilcox to continue on this path. Nevertheless, after careful consideration, the Court will deny without prejudice the application for early termination of supervised release.

Initially, the Court notes that Wilcox's application consists of a single-page letter and is based on his general description of his own rehabilitation and his claim that he needs his supervised release terminated early to visit his daughter and grandson in Atlanta and to travel for work. (ECF No. 111.) Wilcox did not respond to the Government's contention that he can currently visit Atlanta and travel for work under the conditions of his supervision. In the absence of evidence or an explanation furnished by Wilcox that would demonstrate that he is actually limited in his ability to travel to visit family or for work, the Court cannot find that this factor weighs in favor of early termination. *See United States v. Hernandez*, Crim. No. 06-569, 2023 WL 5758996, at *1 (D.N.J. Sept. 5, 2023) ("Defendant's motion is based on his general description of his own rehabilitation, which does not satisfy his burden to persuade this Court that early termination is warranted.").

As to the nature and circumstances of the offense and the history and characteristics of the defendant, when applied to Wilcox, this factor does not favor early termination. While there is reason to applaud Wilcox's recent conduct, Defendant had four prior convictions, two of which were for distribution of a controlled substance. (ECF No. 44 at 5:12-6:3, 17:15-20.) Further, Defendant committed the present offense while on parole in state court, less than two years after being released from custody for a prior offense and on the day of the offense he was set to meet his probation officer. (*Id.* at 5:12-6:3, 17:21-18:1.) These multiple convictions for similar offenses weigh against ending supervised release early. *See, e.g., United States v. Tiller*, Crim. No. 14-699, 2022 WL 1184793, at *2 (D.N.J. Apr. 20, 2022) ("The Defendant's conduct which is in compliance with the terms of his release is insufficient to outweigh the considerations set forth in 18 U.S.C. § 3553(a).").

As to the need to deter criminal conduct and protect the public from further crimes, this factor is neutral. Wilcox's classification as low risk and his compliant behavior may very well mean that he is committed to living a life within the law. Further, the fact that Wilcox has served a majority of his sentence would likely deter similar conduct by others. Nevertheless, continuing Wilcox's supervision until its natural end affords additional deterrence and hopefully ensures that he continues his positive trajectory. Wilcox's success to date represents supervised release functioning as intended, and because Wilcox is on the low intensity case load, the burden of supervision appears to be relatively minimal. *See, e.g.*, *United States v. Freehauf*, Crim. No. 15-116, 2023 WL 279247, at *2 (D.N.J. Jan. 18, 2023) ("In short, Probation appears to be reasonably accommodating the reduced need for supervision; they are doing no more than keeping minimal tabs on a former major drug trafficker and addict, to ensure that he does not fall back into old ways. That is not too much to ask."); *United States v. Biear*, Crim. No. 20-246, 2021 WL 3088258, at *2 (D.N.J. July 22, 2021), *aff'd*, 2022 WL 1635644 (3d Cir. May 24, 2022) ("Given the low burden of complying with the terms of his supervised release, Defendant has failed to justify why the interests of justice support waiving the remaining one-year of oversight.").

As to the kind of sentences and sentencing range, Wilcox was sentenced to 188 months in prison, which was at the bottom of the Sentencing Guidelines Range based on his total offense level and criminal history category. (ECF No. 44 at 6:17-21.) Wilcox's sentence included a required five-year term of supervised release, which was required under the statute and guidelines, and Wilcox expressly agreed to this term of supervision in his plea agreement. (ECF No. 34 at 2; ECF No. 44 at 6:24-25.) The length of the term of supervised release thus comports with the sentencing range, and the Court has not been presented with a persuasive reason to revisit Defendant's term of supervision at this time.

As to the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, the Court notes that other district courts have maintained five-year terms of supervised release in similar cases involving drug-related crimes. *See, e.g., United States v. Danzey*, 356 F. App'x 569, 571 (3d Cir. 2009) (affirming denial of motion for early termination of five-year supervised release where "[t]he Government acknowledged [defendant's] success thus far, but cautioned that further supervision was required given his history, the seriousness of the crime, and the sentence he is serving for it."); *United States v. Wright*, Crim. No. 12-93, 2023 WL 3504828, at *2 (W.D. Pa. May 17, 2023) (finding that defendant's "success on supervision will be reinforced by permitting the five-year term to be completed").

Ultimately, based on what has been presented, the Court's conclusion is that the five years of supervised release, which are part of Wilcox's sentence, were appropriate when imposed and are still appropriate, and set to end in less than a year on October 10, 2024. While Wilcox's supervision to date appears to have been without serious issue, the Court finds that in the absence of any demonstrated justification for the early termination of federal supervision, it is not in the interest of justice to terminate supervision at this time.

### IV.  CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion for Early Termination of Supervised Release is **DENIED** without prejudice. An appropriate Order follows.

Dated: October 31, 2023

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE